UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| NEIDY STEPHANIE AGUILAR GUERRA,<br><br>　　　　　Petitioner,<br><br>v.<br><br>KEVIN JOYCE,<br>*Sheriff of Cumberland County*, et al.<br><br>　　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)　2:25-cv-00534-SDN<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **WRITTEN ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

On October 24, 2025, I issued an oral order granting Petitioner Neidy Stephanie Aguilar Guerra's petition for a writ of habeas corpus, ECF No. 1, and ordering her immediate release without conditions pending a future bond hearing, ECF No. 11. This written Order explains in further depth my reasoning.

### I.　Facts[1]

Ms. Aguilar Guerra is a 19-year-old Guatemalan citizen who entered the United States without inspection on February 19, 2023. *See* ECF No. 1 at 1–2. On February 20, 2023, U.S. Customs and Border Protection ("CBP") initiated removal proceedings against her and issued her a Notice to Appear in immigration court. *Id.* at 4. For a short time, she was placed in the custody of the Office of Refugee Resettlement as an unaccompanied minor. *Id.* at 5. In March 2023, she was released to the care of relatives in Virginia pursuant to her status as an unaccompanied minor. *Id.* She has resided in Virginia and

---

[1] These facts are derived from Ms. Aguilar Guerra's verified petition, the parties' filings and exhibits, and counsels' presentations at the October 24, 2025, oral argument.

1

Connecticut since 2023, *id.*, and is attending high school in New Haven, Connecticut, *id.* at 1. She currently is detained at Cumberland County Jail in the State of Maine.[2] *Id.* at 3.

Around August 2024, Ms. Aguilar Guerra was arrested in relation to allegations of improper conduct. *Id.* at 5. She was held for several weeks in pretrial detention before being released on a promise to appear. *Id.* Over a year later, on October 6, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained Ms. Aguilar Guerra while she was traveling to New Haven Superior Court to resolve issues surrounding her criminal case. *Id.* at 6. They processed her at the Hartford, Connecticut ICE Field Office before transporting her to Cumberland County Jail in Maine, where she remains detained in ICE custody. *Id.* That same day, October 6, 2025, the U.S. Department of Homeland Security ("DHS") issued her a second Notice to Appear, indicating that she is "a[] [noncitizen] present in the United States who has not been admitted or paroled." ECF No. 1-3 at 2.

On October 23, 2025, Ms. Aguilar Guerra filed a verified petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, in part, a declaration that her detention is unlawful.[3] ECF No. 1 at 12. The same day, she also filed a motion for a temporary

---

[2] Because Ms. Aguilar Guerra currently is detained in Maine, I find that this Court retains jurisdiction over the habeas matter. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 35 (D. Mass. 2025) ("[A]s a general matter, a habeas petitioner must file his or her petition in the district of confinement."). And although 8 U.S.C. § 1252(b)(9) limits judicial review in immigration proceedings, it "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (quotation modified).

[3] Ms. Aguilar Guerra argues that the Government is violating her constitutional right to due process by denying her the opportunity to request a bond hearing, to which she is entitled under 8 U.S.C. § 1226(a). ECF No. 1 at 6–8. Her claim rests on the premise that she is incorrectly classified as subject to mandatory detention under 8 U.S.C. § 1225(b)(2), when she should instead be discretionarily detained under section 1226(a). *Id.* at 7. Under section 1225(b)(2)—the "mandatory detention statute"—a noncitizen "who is an applicant for admission" shall be detained for a removal proceeding "if the examining immigration officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). In contrast, under section 1226—the "discretionary detention statute"—a noncitizen subject to detention is entitled to procedural protections that are not afforded under the mandatory detention statute, such as the right to a bond re-determination hearing in front of an

restraining order ("TRO"). ECF No. 2. On October 23, 2025, I issued an order granting Ms. Aguilar Guerra's motion for a temporary restraining order and enjoined Respondents from transferring her outside the District of Maine pending the determination on her Petition. ECF No. 8.

On October 24, 2025, the Court held oral argument on Ms. Aguilar Guerra's habeas petition. At the hearing, Ms. Aguilar Guerra urged the Court to order her immediate release and to order the Immigration Court to provide her with a bond hearing subject to 8 U.S.C. § 1226(a). The Government opposed both requests and argued that she should be mandatorily detained under 8 U.S.C. § 1225(b)(2). I ruled from the bench that there was no substantive indication that Petitioner is a threat to the public or a flight risk and ordered her released without conditions, with a bond hearing to be held before the Immigration Court pursuant to 8 U.S.C. § 1226(a) within 30 to 45 days of the order.

## II. Discussion

It is evident that section 1226(a)—not section 1225(b)(2)—governs Ms. Aguilar Guerra's detention. First, as I previously explained in *Chogllo Chafla* and related rulings, the plain text of the statute, its legislative history, and canons of statutory construction all support the conclusion that section 1226(a) governs the detention of noncitizens, such as the Petitioner, who have been continuously present in the United States for more than two years.[4] *Chogllo Chafla v. Scott*, No. 2:25-cv-00437, 2025 WL 2688541, at *5–9 (D. Me. Sept. 22, 2025); *see also id.* at *5 (collecting cases holding the same). Second, the

---

Immigration Judge and a right to appeal any custody determination. *See* 8 C.F.R. § 236.1 (2025) (enumerating the procedural protections).

[4] *See* 8 U.S.C. § 1225(b)(1)(iii)(II) (permitting expedited removal of noncitizens who, inter alia, "ha[ve] *not* affirmatively shown, to the satisfaction of an immigration officer, that the [noncitizens have] been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility" (emphasis added)).

3

parties agree that any provisions of section 1226(c) which might mandate detention for certain criminal activities are inapplicable to Ms. Aguilar Guerra's case. *See* ECF No. 10 at 3 ("[T]he criminal conduct does not appear to meet the prerequisites for mandatory detention under the Laken Riley Act . . . ."); ECF No. 1 at 7–8; 8 U.S.C. §§ 1226(c)(1)(A)–(E).

Further, because Ms. Aguilar Guerra is unlawfully detained under section 1225(b)(2), her continued detention without a bond hearing before an Immigration Judge applying the standards of section 1226(a) violates her constitutional due process rights. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation modified)); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27–28 (1st Cir. 2021) (applying *Mathews* to a noncitizen's detention under section 1226(a)); *Chogllo Chafla*, 2025 WL 2688541, at *9–11 (applying the *Mathews* factors and finding that continued detention absent procedural safeguards violates due process); *Bermeo Sicha v. Bernal*, No. 25-cv-00418, 2025 WL 2494530, at *5–6 (D. Me. Aug. 29, 2025) (collecting cases requiring a bond re-determination hearing before revocation if petitioner is re-detained).

I find that the three factors articulated in *Mathews* used to determine if continued detention violates due process—the private interest at stake, the risk of erroneous deprivation, and the government's interest—each weigh in favor of Ms. Aguilar Guerra. *See Mathews*, 424 U.S. at 335. As established and explained in *Chogllo Chafla*, 2025 WL 2688541, and *Bermeo Sicha*, 2025 WL 2494530, the Petitioner's risk of erroneous deprivation is substantial, and the Government's interests do not outweigh the procedural

4

safeguards due. Accordingly, Ms. Aguilar Guerra's due process rights have been violated by the Government's continued detention of her pursuant to section 1225(b)(2).

The fact that ICE issued an I-200 administrative warrant to detain Ms. Aguilar Guerra, *see* ECF No. 1-4 at 2, does not materially change my analysis, *cf. Chogllo Chafla*, 2025 WL 2688541, at *11 (no administrative warrant issued for arrest); *Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (no administrative warrant issued for arrest). The crux of a due process analysis is to return the petitioner to the same position as they would have been in had the Government not violated their constitutional rights. *See, e.g., Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("[I]f Petitioner is detained, he will already have suffered the injury he is now seeking to avoid."). An I-200 administrative warrant subjects the arrestee, by its own terms, to the strictures of section 1226 and that statute's attendant procedural safeguards. *See* 8 C.F.R. § 236.1 (2025) (enumerating the procedural protections under section 1226(a)); *Hernandez-Lara*, 10 F.4th at 38. By depriving her of access to a bond hearing, ICE has denied Ms. Aguilar Guerra the process she is due. *See also Chang Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579 (D. Me. Sept. 29, 2025) (finding section 1226(a) applied to petitioner arrested pursuant to an I-200 warrant and releasing petitioner pending a bond hearing before an immigration judge); *Bermeo Sicha*, 2025 WL 2494530, at *5–6 (releasing a petitioner pending a bond hearing in immigration court who had been arrested pursuant to an I-200 warrant under section 1226(a) in order to place the petitioner in the same position he would have been in absent the arrest without due process). Here, nothing in the record indicates that Ms. Aguilar Guerra will not comply with future immigration proceedings or that she is a risk

to her community. She is a 19-year-old high school senior who has already missed a substantial amount of school due to her continued illegal detention by ICE.

### III. Conclusion

Accordingly, I **GRANT** the Petitioner's habeas petition and **ORDER** her immediately released on her own recognizance without bail conditions. ECF No. 1. I **ORDER** that she receive an individual bond hearing pursuant to section 1226(a). The Government is enjoined from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner and the Government shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2) within 30 to 45 days of the date of the Order in this case. The Government is further **ORDERED** to file a status report within five days of Petitioner's bond hearing, stating whether the Petitioner has been granted bond, and, if her request for bond was denied, the reasons for that denial.

**SO ORDERED.**

Dated this 24th day of October, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**